JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Glenn Lewis ("Lewis"), appeals the municipal court's denial of his motion to suppress evidence obtained during a traffic stop. Lewis was initially stopped for traveling 14 miles over the speed limit. Although the police officer intended to issue Lewis a warning, that intention changed when he smelled alcohol on Lewis' breath and noticed Lewis' bloodshot eyes. After Lewis declined to take the Breathalyzer, the police officer administered three separate field sobriety tests to determine if Lewis was fit to drive. Lewis was placed under arrest when he failed the tests.
 {¶ 2} After the evidence was presented at the suppression hearing, the municipal court denied Lewis' motion to suppress, specifically finding that the field sobriety tests were administered in substantial compliance with the requirements. Lewis now appeals, citing three assignments of error.
 I. {¶ 3} For his first assignment of error, Lewis argues that the trial court erred in holding that the arrest was lawful when he was held in the back of the police car and not permitted to leave. Although Lewis does not argue that the initial stop was unlawful, he contends that because he told the police officers he wanted to get out of the police car, his continued detention was unwarranted. However, Lewis' argument lacks merit.
 {¶ 4} During a traffic stop, Ohio law permits a police officer to ask the driver to sit in the police car "when the officer has `some reasonable justification [based on safety concerns] or when the detention is * * * a brief procedure employed in a routine traffic stop.'" State v. Carlson (1995),102 Ohio App.3d 585, 595, 657 N.E.2d 591, quoting United Statesv. Ricardo D. (C.A.9, 1990), 912 F.2d 337, 341. The intrusion of asking the driver to sit in the police car to facilitate the traffic stop is considered minimal. State v. Lozada,92 Ohio St.3d 74, 76, 2001-Ohio-149, 748 N.E.2d 520.
 {¶ 5} Here, the police officer testified that he smelled alcohol masked by cologne when he approached Lewis. He also testified that Lewis' eyes were bloodshot. Based on these observations, the police officer asked Lewis to sit in the police car while he wrote out a warning ticket. This was a minimal intrusion to facilitate the traffic stop, especially in light of the alcohol odor, bloodshot eyes, and speeding.
 {¶ 6} Likewise, simply because Lewis expressed his desire to get out of the police car does not negate the police officer's increased observations that Lewis might be under the influence of alcohol. As Lewis sat in the back of the car, the smell of alcohol increased and the otherwise routine traffic stop changed into a possible arrest for driving under the influence. The distinct odor of alcohol, coupled with Lewis' bloodshot eyes and speeding, justified his continued detention. Thus, Lewis' first assignment of error is overruled as the police officer had a reasonable suspicion that Lewis was driving under the influence of alcohol.
 II. {¶ 7} Lewis argues in his second assignment of error that the trial court erred by finding that he consented to taking the field sobriety tests when such consent was based on a misrepresentation of the law. In particular, Lewis argues that the police officer told him that if he refused the Breathalyzer test, then the field sobriety tests had to be administered or Lewis would lose his license. Lewis maintains that this alleged misstatement of the law renders any consent to the field sobriety tests involuntary. However, upon review of the record, Lewis' argument lacks merit.
 {¶ 8} The police officer specifically testified that it is his practice to ask someone who he believes has been drinking to take the Breathalyzer test and that if that person refuses to take it and the police officer has "enough probable cause," he can ask that person to step out of the vehicle to perform the field sobriety test. Here, Lewis refused to take the Breathalyzer test and consented to the field sobriety tests. There is nothing in the record before this court that suggests Lewis was coerced or threatened in consenting to the field sobriety test and there is no indication that Lewis was under a misapprehension of the law when he agreed to the tests. As the police officer testified, Lewis smelled of alcohol, his eyes were bloodshot, and he had been speeding. These factors constitute "enough probable cause" to administer the field sobriety tests. Thus, Lewis' second assignment of error is overruled.
 III. {¶ 9} For his third and final assignment of error, Lewis argues that the trial court erred in finding that the police officer strictly complied with the requirements when he administered the field sobriety tests. However, Lewis' argument lacks merit.
 {¶ 10} The Ohio Supreme Court held in State v. Homan,89 Ohio St.3d 421, 2000-Ohio-212, 732 N.E.2d 952, paragraph one of the syllabus, that the results of a field sobriety test may serve as evidence of probable cause to arrest when the tests are administered in strict compliance with standardized testing procedures. However, the Ohio legislature amended the law, specifically changing R.C. 4511.19(D)(4)(b) to require only substantial compliance with the testing standards.
 {¶ 11} Here, the police officer substantially complied with the testing standards in administering at least two of the three field sobriety tests. The municipal court found, based on the police officer's testimony and explanation of the tests, that the HGN and the one-leg stand tests were conducted in substantial compliance with testing standards. However, without any explanation of the third test, the "walk and turn," the municipal court specifically did not consider the results of that test in its determination of probable cause. Because Lewis' argument that the results of such tests required strict compliance is inaccurate, Lewis' third assignment of error is overruled and the municipal court's decision denying Lewis' motion to suppress is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., concurs McMonagle, J., concurs with separate opinion